UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SYNEA HASAN RAHMAN EL,
a/k/a SYNEA TUNSTALL,

               Plaintiff,                      CIVIL ACTION NO. 09-10622

             v.                          DISTRICT JUDGE GERALD E. ROSEN

FIRST FRANKLIN LOAN SERVICES,    MAGISTRATE JUDGE VIRGINIA MORGAN
HOME LOAN SERVICES, and TROTT
AND TROTT,

               Defendants.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This is a *pro se* action that comes before the court on defendant Trott and Trott's Motion
to Dismiss and/or for Summary Judgment (D/E #16) and defendants First Franklin Loan Services
("First Franklin") and Home Loan Services' Motion to Dismiss and/or for Summary Judgment
(D/E #19).[1]  For the reasons discussed below, this court recommends that defendants' motions be
**GRANTED** and that plaintiff's complaint be dismissed for failure to state a claim upon which
relief can be granted.  In the alternative, defendants should be granted summary judgment

---

[1]While captioned solely as a motion for summary judgment, defendants First Franklin and
Home Loan Services also argue in their motion that plaintiff's complaint should be dismissed for
failure to state a claim pursuant to Fed. R. Civ. P. 12(c).

because no genuine issue of material fact is in dispute and defendants are entitled to judgment as a matter of law.

## II. Background

### A. Amended Complaint

Plaintiff filed his original complaint against defendants on February 19. 2009 (D/E #1). On May 21, 2009, plaintiff filed an amended complaint (D/E #4).[2]  The bulk of that amended complaint appear to state principles of law while also quoting from legal dictionaries, the United States Constitution, cases, and the United States Code.  Plaintiff also asserts, without providing any context, that "The landlord tenant section brought by Trott and Trott is indicating [sic] that Synea Tunstall is a renter and not the owner of the property in an attempt to evict them from the property through a possessory action."  (Amended Complaint, p. 3)  Plaintiff also asserts, without any context:

> The County of Wayne sheriff offices and agent are exercising ownership and property rights through the issuance of a sheriff deed over private property where none exist.  The sheriff department and its agents has [sic] no lawful authority or jurisdiction to sale [sic] ones [sic] private property or issue a deed when it is not a county tax matter.

[Amended Complaint, p. 4]

---

[2]A party may amend its pleading once as a matter of course prior to being served with a responsive pleading.  See Fed. R. Civ. P. 15(a)(1)(A).

Plaintiff further asserts that Trott and Trott, through its attorney, has stated it is not a debt

collector and that this indicates the use of a false document to collect a debt.  (Amended

Complaint, pp. 7-8)

Plaintiff's amended complaint also identifies and asserts four counts.  (Amended

Complaint, pp. 16-18)  In Count I of plaintiff's Complaint (claim for breach of agreement),

plaintiff asserts as follows:

> 14. That Plaintiff was led to believe Defendant was providing her lawful United States dollars pursuant to their negotiations. Federal Reserve Notes are unlawful by the constitution of the United States.
>
> 15. That Defendant presented Plaintiff with a promissory note wherein which Defendant Used to create a liability for themselves instead of an asset evidencing they did not loan Plaintiff any money. Promissory notes create intrinsic value.
>
> 16. That instead of Plaintiff being the borrower, the bank became the borrower from Plaintiff and there was not an agreement for Plaintiff to provide a loan to the bank. Plaintiff demands to see the original promissory note with the allonge on the Bank.
>
> 17. That the bank used the note to engage in a criminal act giving Plaintiff illegal Consideration and breaching the agreement. The bank didn't record the promissory note as a deposit as determined by the General Accepted Accounting Practices (GAAP).

[Pl.'s Compl. at ¶¶ 14-17]

In Count II of plaintiff's Complaint (claim for fraudulent concealment), plaintiff asserts

as follows:

> 19. That Plaintiff has requested the original promissory note be produced and Defendant has Failed or refused to produce and verify the existence of the original not [sic] upon which it asserts its property interest. Without the note being produced there is no evidence of a loan.

20. That Defendant has failed or refused to disclose the true source of funds used by it to Purchase the promissory note. Gold and silver coins are the only lawful money to purchase the promissory note pursuant to the Coinage Act of April 2, 1792.

21. The Defendant has refused to disclose the current whereabouts of the original Note. This is necessary to determine who should be compensated.

22. That Defendant misrepresents the source of funding for the note they insisted on. The Bank creates money by the ledger entries.

23. That Defendant is concealing material facts relevant to the alleged loan upon which they are attempting to justify their property interest. The U.S. Supreme Court has ruled that the Federal Reserve System cannot lawfully create money.

[Pl.'s Compl. at ¶¶ 19-23]

In Count III of plaintiff's Complaint (claim for fraud in the factum), plaintiff asserts the

following:

25. That there was misrepresentation as to the nature of the writing the Plaintiff was told to sign pursuant to the alleged agreement, Plaintiff having neither knowledge nor a reasonable opportunity to obtain knowledge of its true character or essential terms.

26. That Plaintiff was never informed that the promissory note was to be used by Defendant to obtain loans from and to be sold to other parties using Plaintiff's signature to facilitate the creation of money in Defendant's account. The U.S. Constitution defines lawful money at Article I, Section 8, clause 5 and Article I, Section 10, clause 1 as Gold and/or Silver coin only. Neither the Unites States Constitution nor the coinage Act of April 2, 1792 has been repealed.

[Pl.'s Compl. at ¶¶ 25-26]

-4-

In Count IV of plaintiff's Complaint (titled "Non-Bona Fide Signatures and Original

Promissory Note"), plaintiff asserts:

> 28. That Plaintiff has no [sic] numerous occasions requested
> Defendant provide the <u>original promissory note with an original
> signature</u>.
>
> 29. That Defendant does not possess a promissory note with
> Plaintiff original signature.
>
> 30. That an alleged copy or a signature is not sufficient.
>
> 31. That the original promissory note, front and back, associated
> with the loan is to be produced.
>
> 32. That any alleged note, front and back, affixed to be borrower's
> promissory note for endorsement must be produced.
>
> 33. That due process mandates the production of the requested
> originals, to protect against fraud, theft or, deception.

[Pl.'s Compl. at ¶¶ 28-33]

As the last page of his amended complaint, plaintiff attached an excerpt from the Fair

Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692a *et seq.*

**B. Motions Pending Before the Court**

**1. Trott and Trott's Motion**

On July 30, 2009, defendant Trott and Trott filed a Motion to Dismiss and/or for

Summary Judgment (D/E #16).  In that motion, Trott and Trott argues that it must be dismissed

as a defendant because plaintiff's amended complaint lacks sufficient details to put Trott and

Trott on notice of plaintiff's claims.  Trott and Trott also argue that it must be dismissed because

there are no allegations of wrongdoing against it.  Trott and Trott further argue that, despite

plaintiff's assertions to the contrary, it is not a debt collector as that term is defined by the FDCPA.  Trott and Trott also seeks sanctions on the basis that plaintiff's claims are frivolous.

On September 8, 2009, plaintiff filed a response to Trott and Trott's motion (D/E #21).  In that response, plaintiff provides a "Verified Amended Complaint to Quiet Title" and a "Memorandum in Support of Verified Amended Complaint" stating that defendants deceived plaintiff into thinking they were loaning him money when in fact defendants were using plaintiff's promissory note to create new currency for themselves.  Plaintiff also asserts that defendants have failed to produce the original promissory note.

**2. First Franklin and Home Loan Services' Motion**

On August 20, 2009, defendants First Franklin and Home Loan Services filed a Motion to Dismiss and/or for Summary Judgment (D/E #19).  In that motion, those defendants argue that they are entitled to dismissal or summary judgment because plaintiff has failed to allege any legally cognizable claims and other federal courts have dismissed claims similar to plaintiff's as frivolous.

Plaintiff did not file a response to defendants First Franklin and Home Loan Services' motion and the time for filing a response has passed (D/E #14)

**III. Standards of Review**

**A. Dismissal**

While all defendants argue that plaintiff failed to state a claim upon which relief can be granted, defendant Trott and Trott moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) while defendants First Franklin and Home Loan Services move for dismissal pursuant to Fed. R. Civ.

-6-

P. 12(c).  Nevertheless, both motions should be treated as being brought pursuant to Fed. R. Civ.

P. 12(c).  Motions under Rule 12(b)(6) are to be brought by a defendant "before pleading," that

is, before filing an answer to the complaint.  See Fed. R. Civ. P. 12(b)(6) ("A motion making any

of these defenses shall be made before pleading if a further pleading is permitted.").  Here, Trott

and Trott have already answered the amended complaint (D/E #13), so its motion would more

properly have been brought under Rule 12(c).  Still, the standard for reviewing Rule 12(c)

motions is similar to that used for reviewing Rule 12(b)(6) motions and the Sixth Circuit has

held that "where the substance of the motion is plain," it is proper to treat a motion styled as one

under Rule 12(b)(6) as if it were brought under Rule 12(c).  Wagner v. Higgins, 754 F.2d 186,

188 (6th Cir. 1984).  This court will therefore consider both motions as having been brought

under Rule 12(c).

Fed. R. Civ. P. 12(c) provides that, "[a]fter the pleadings are closed ... a party may move

for judgment on the pleadings."  A Rule 12(c) motion is designed to provide a means of

disposing of cases when the material facts are not in dispute between the parties and judgment on

the merits can be achieved by focusing on the content of the competing pleadings, attached

exhibits, matters incorporated into the pleadings, and any facts of which the Court may take

judicial notice.  5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §

1367 (2009).  For a Rule 12(c) motion, all well-pleaded material allegations of the pleadings of

the opposing party must be taken as true and the motion may be granted only of the moving

party is nevertheless clearly entitled to judgment.  Tucker v. Middleburg-Legacy Place, 539 F.3d 545, 549 (6th Cir. 2008).  The court, however, need not accept as true legal conclusions or unwarranted factual inferences.  Barany-Snyder v. Weiner, 539 F.3d 327, 332 (6th Cir. 2008).  A Rule 12(c) motion is appropriately granted when no material issue of fact exists and the moving party is entitled to judgment as a matter of law.  Tucker, 539 F.3d at 549.  In this sense, it is similar to a motion under Rule 56(c).  A motion under 12(c) is also analyzed similarly to a motion under Rule 12(b)(6), in that the outcome turns exclusively on the pleadings.  See Tucker, 539 F.3d at 550; Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008).  Under Rule 12(h), failure to state a claim upon which relief may be granted, may be raised by a motion under 12(c).  A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Sensations, 526 F.3d at 295.  Factual allegations must be enough to raise a right to relief above the speculative level.  Sensations, 526 F.3d at 295.

Additionally, "[p]ursuant to Federal Rule of Civil Procedure 9(b), in any complaint averring fraud or mistake, 'the circumstances constituting fraud or mistake shall be stated with particularity.'"  Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 563 (6th Cir. 2003).  "The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent

of the defendants; and the injury resulting from the fraud.'" <u>Yuhasz</u>, 341 F.3d at 563 (citing

<u>Coffey v. Foamex L.P.</u>, 2 F.3d 157, 161-62 (6th Cir. 1993)).

**B. Summary Judgment**

Defendants also move for summary judgment pursuant to Fed. R. Civ. Pro. 56(b). Fed.

R. Civ. Pro. 56(b) states that "[a] party against whom a claim, counterclaim, or cross-claim is

asserted or a declaratory judgment is sought may, at any time, move without or without

supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.

R. Civ. P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw

all reasonable inferences in favor of the non-movant. <u>See</u> <u>Matsushita Electric Industrial Co.,</u>

<u>Ltd. et al. v. Zenith Radio Corp., et. al.</u>, 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); <u>see also</u>

<u>B.F. Goodrich Co. v. U.S. Filter Corp.</u>, 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party

bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once

the moving party has carried his burden, the party opposing the motion "must come forward with

specific facts showing that there is a genuine issue for trial." <u>Matsushita</u>, 475 U.S. at 587, 106

S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his

-9-

pleadings.  Rather, he must submit evidence demonstrating that material issues of fact exist.

Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-

moving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587, 106 S.Ct. 1348

(quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575,

1592 (1968)).

**IV. Discussion**

 **A. Dismissal**

  Plaintiff is proceeding *pro se* and all pleadings that are submitted by *pro se* litigants are

to be liberally construed by the court.  Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)

(citing Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

Notwithstanding, *pro se* complaints must satisfy basic pleading requirements because "liberal

construction does not require a court to conjure allegations on a litigant's behalf."  Martin, 391

F.3d at 714 (citing Erwin v. Edwards, 22 Fed. Appx. 579, 580 (6th Cir. 2001)).

  In this case, as a preliminary matter, this court would note that the four counts found in

plaintiff's amended complaint are exactly the same, word-for-word, as the four counts found in

the complaint at issue in Copeland v. Ocwen Bank, FSB, No. 06-14817, 2007 WL 496448, *1-2

(E.D. Mich. February 12, 2007) (Cox, J.).  In that case, Judge Cox found that the four counts

alleged by the plaintiff failed to state a claim upon which relief can granted and he granted the

defendants' motion to dismiss in that case:

> Plaintiff's Complaint lacks all allegations respecting all the
> material elements of her breach of contract and fraud claims.
> Moreover, the Court is satisfied that Plaintiff's only other
> remaining count, titled "Non-Bona Fide Signatures and Original
> Promissory Note," fails to state a legally cognizable claim as
> drafted.

[Copeland, 2007 WL 496448 at *3.]  Judge Cox also noted in that opinion that the plaintiff failed

to plead her fraud claims with particularity, as required by Fed. R. Civ. P. 9(b).  Copeland, 2007

WL 496448 at *3-4.

   While not controlling, the reasoning in Copeland applies equally to this case and

plaintiff's amended complaint should be dismissed for failure to state a claim upon which relief

can be granted.  Under Michigan law, the essential elements of a breach of contract claim are:

(1) the existence of a valid and enforceable contract between the parties, (2) the terms of the

contract, (3) that defendant breached the contract, and (4) that the breach caused the plaintiff

injury.  Timmis v. Sulzer Intermedics, Inc., 157 F.Supp.2d 775, 777 (E.D. Mich. 2001) (Duggan,

J.) (citing Webster v. Edward D. Jones & Co., L.P., 197 F.3d 815, 819 (6th Cir.1999)).  The

elements constituting actionable fraud are also well settled and include: (1) a material

misrepresentation by defendant, (2) that was false, (3) that defendant knew to be false when

made, (4) that defendant made with the intention that it should be acted upon by plaintiff, (5) that

plaintiff acted in reliance upon it, and 6) that plaintiff thereby suffered injury.  <u>Timmis</u>, 157

F.Supp.2d at 778 (citing <u>Hi-Way Motor Co. v. International Harvester Co.</u>, 398 Mich. 330, 336,

247 N.W.2d 813 (1976)).

 Here, the contentions found in plaintiff's amended complaint, though replete with

references to cases and statutes, are largely incomprehensible.  Plaintiff does not identify the

alleged contract at issue, the terms of any contract, or how exactly any of defendants breached it.

Furthermore, plaintiff does not distinguish between defendants or identify what role, if any, each

defendant played in the alleged breach of contract.  With respect to plaintiff's fraud allegations,

plaintiff's amended complaint contains only general accusations of fraud, with virtually no

supporting facts alleged.  Plaintiff's amended complaint does not even identify which of the

three named defendants is the subject of the fraud claims, let alone the identify of any

representative(s) of that entity who made any fraudulent statements.  The complaint also fails to

allege the content of the alleged fraudulent statements.  As discussed above, a plaintiff's

obligation to provide the grounds of his entitlement to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do.

<u>Sensations</u>, 526 F.3d at 295.  Here, plaintiff's factual allegations fail to raise a right to relief

-12-

above the speculative level and defendants are entitled to judgment on the pleadings pursuant to

Fed. R. Civ. P. 12(c).  See Sensations, 526 F.3d at 295.[3]

Moreover, to the extent that plaintiff bases his claims on the allegation that defendants

"created" money through their bookkeeping procedures and failed to back up that money with

gold or silver, this court would note that similar arguments have previously been rejected by

federal courts.  The Sixth Circuit has held that those claims, in which the proponent asserts that

paper money does not have value because it is not backed by either gold or silver contained in

the banks' vaults are "clearly frivolous."  United States v. Whitesel, 543 F.2d 1176, 1181 (6th

Cir. 1976) (citing United States v. Daly, 481 F.2d 28, 30 (8th Cir. 1973)).  Similar suits by other

plaintiffs who contend that their wages were not paid in real money have also been rejected.

See, *e.g.*, Jones v. Commission of Internal Revenue, 688 F.2d 17, 18 (6th Cir.1982) (plaintiff's

claims that "his wages were paid in 'depreciated bank notes' not backed by gold or silver" are

without merit).  More recently, two district courts in the Eastern District of Michigan held that

the allegations of a debtor, who argued that his obligation was invalid because of the manner in

which the banks create money, were "patently meritless" and subject to dismissal for his failure

to state an actionable claim.  See, Edwards v. Standard Federal Bank, N.A., No. 08-12146, 2009

---

[3]This court would again note that "[p]ursuant to Federal Rule of Civil Procedure 9(b), in
any complaint averring fraud or mistake, 'the circumstances constituting fraud or mistake shall
be stated with particularity.'"  Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 563 (6th Cir.
2003).  To the extent plaintiff alleged the essential elements of his fraud claims, he failed to
allege them with particularity.

WL 92157, *3 (E.D. Mich. January 14, 2009) (Cook, J.); <u>Carrington v. Fed. Nat. Mortg. Assoc</u>,

No. 05-CV-73429-DT, 2005 WL 3216226, *2 (E.D. Mich. November 29, 2005) (Cleland, J.).

<u>See</u> <u>also</u> <u>Rudd v. KeyBank, N.A.</u>, No. 2:05-cv-523, 2006 WL 212096 (S.D. Ohio Jan.25, 2006)

(Marbley, J.) (rejecting the plaintiffs' arguments that the system of lending money in the United

States was unconstitutional); <u>Frances Kenny Family Trust v. World Savings Bank</u>, No.,

C04-03724 WHA, 2005 WL 106792 (N.D. Cal. Jan.19, 2005) (Alsup, J.) (sanctioning plaintiffs

and rejecting their "vapor money" theory); <u>United States v. Schiefen</u>, 926 F.Supp. 877, 880-81

(D.S.D. 1995)(rejecting arguments that there was insufficient consideration to secure the

promissory note, and that lender had "created money" by means of a bookkeeping entry); <u>Thiel</u>

<u>v. First Fed. Savings & Loan Ass'n of Marion</u>, 646 F.Supp. 592 (N.D. Ind. 1986)(rejecting

claims that lender had violated RICO and the National Bank Act by issuing loan check in

exchange for promissory note, and imposing sanctions on plaintiffs for bringing frivolous

action); <u>Rene v. Citibank</u>, 32 F.Supp.2d 539, 544-45 (E.D. N.Y. 1999)(rejecting claims that

because lender did not have sufficient funds in its vault to make the loan, and merely

"transferred some book entries," the lender had created illegal tender).

### B. Summary Judgment

If plaintiff is found to have stated a claim upon which relief can be granted, then

defendants would be entitled to summary judgment.  Defendants provided evidence

-14-

demonstrating that the mortgage at issue in this case was granted by Synea Tunstall[4] on June 16, 2006, to Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as .MERS.) acting solely as a nominee for lender and lenders successors and assigns, First Franklin as a division of National City Bank of Indiana.  (Mortgage, attached as Exhibit C to D/E #16).  On May 1, 2008, MERS executed an assignment to assignee Deutsche Bank National Trust Company, as trustee for FFMLT 2006-FF13, Mortgage Pass-Through Certificates, Series 2006-FF13 (hereinafter referred to as Deutsche Bank.).  (MERS assignment, attached as Exhibit D to D/E #16)  Upon default, Deutsche Bank initiated foreclosure proceedings and a sheriff's deed on mortgage sale dated August 13, 2008 was issued by the Wayne County Sheriff and properly recorded.  (Sheriff's Deed on Mortgage Sale, attached as Exhibit E to D/E #16)  The redemption period was for six months and expired on February 13, 2009.  The original complaint in this action was filed six days after the redemption period had expired (D/E #1)

Plaintiff provides no evidence in his response that supports his allegations or that contradicts the evidence submitted by defendants.  As discussed above, to survive these motions for summary judgment, plaintiff must  "must come forward with specific facts showing that there

---

[4]Plaintiff's amended complaint identifies himself as Synea Hasan Rahman El and he claims to reside at 5261 Courville in the City of Detroit, Michigan 48224, which is the property encumbered by the mortgage and the address listed on the amended complaint.  At the July 7, 2009 Scheduling Conference in this case, this court requested identification from plaintiff and confirmed to the parties informally and on the record that Synea Hasan Rahman El and Synea Tunstall are one and the same individual.

is a genuine issue for trial."  Matsushita, 475 U.S. at 587, 106 S.Ct. 1348.  Here, plaintiff has

merely rested on his pleadings and he has not met his burden.  Therefore, even assuming plaintiff

has stated a claim upon which relief can be granted, defendants would be entitled to summary

judgment.

### V. Conclusion

For the reasons discussed above, this court recommends that defendants' motions be

**GRANTED** and that plaintiff's complaint be dismissed for failure to state a claim upon which

relief can be granted.  In the alternative, defendants should be granted summary judgment

because no genuine issue of material fact is in dispute and defendants are entitled to judgment as

a matter of law.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to act within ten (10) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific

objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140

(1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v.

Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir.

1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

-16-

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address

each issue contained within the objections specifically and in the same order raised.


S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge


Dated: October 29, 2009

---

## PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via
the Court's ECF System and/or U. S. Mail on October 29, 2009.

s/J. Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan